# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES NEUMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 08-cv-514-WDS |
| UNITED STATES OF AMERICA, DEBBIE AGANS, MINDY DUNCAN, and DONNA STULL, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is plaintiff's pro se motion for reconsideration of the Order of this Court denying plaintiff's motion for hearing (Doc. 26). The Order of the undersigned judge (Doc. 19) denied plaintiff's motion for hearing on reassignment which transferred this case from Judge Reagan to Judge Stiehl, who currently is presiding over the action.

Plaintiff asks, essentially, for an en banc hearing to determine which judge from this District should hear his case. As detailed in the Court's Order this case was reassigned to Judge Stiehl, in the manner, and in accordance with appropriate standards and protocols designed to avoid the appearance of impropriety. Plaintiff now has cast a broad net, again raising conspiracy theories, accusing Magistrate Judge Wilkerson of incompetence, and forwarding other aspersions about judges, particularly Judge Reagan, who is no longer assigned to this case. The Court notes that plaintiff's claims as to Judge Wilkerson arise from in another matter, and were not part of this case. The Court further notes that once the case was reassigned to Judge Stiehl, Judge Reagan no longer had any participation in the case.

Essentially, in addition to the en banc hearing, plaintiff also seeks to have an "impartial"

judge hear this case, but little else (other than the removal of Judge Wilkerson) seems to be sought by the plaintiff. Notably, he specifically states in the motion that, "All I have ever wanted is the truth and the facts. I don't wan any ones [sic] money. I don't want to cause people pain and suffering from a lawsuit." He specifically asks for the "malicious" behavior to stop among the Benton Clerk's Office staff.

At best, the Court can construe the motion as one which attempts to assert bias or prejudice by, first of all, this Judge in the reassignment, and then, potentially by Judge Stiehl. Such a motion would be made either pursuant to 28 U.S.C. §§ 144 or 455. Section 144 provides:

> § 144. Bias or prejudice of judge
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides in pertinent part:

> § 455. Disqualification of justice, judge, or magistrate.
>
> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

2

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) Is acting as a lawyer in the proceeding;
(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

The Court **FINDS** that this motion fails to satisfy the requirements of either § 144 or §455. "[T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Sykes,* 7 F.3d at 1339. Moreover, the movant must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source some source *other than what the judge has learned through participation in the case.*" *Id.* (emphasis added). Here, the allegations leveled against this Judge are that the failure to explain why and how the reassignment was accomplished amounts to bias. However, the as the Court set forth in its Order on reconsideration (Doc. 19) the reassignment was specifically done to avoid the appearance of impropriety. Nothing here rises to the level of requiring this Judge's recusal in this action.

Nor, similarly, is there anything asserted against Judge Stiehl other than a speculation of some kind of unspecified bias. Again, this is not sufficient to warrant his recusal from this action. Judge Stiehl does not sit in Benton (unlike other Judges in this District) and has no bias or favoritism towards any of the named defendants.

Finally, Magistrate Judge Wilkerson alleged actions are simply not those that rise to the level of bias. The plaintiff's concern that the Magistrate Judge stated that he likes to play computer games during the work day because he is "bored," raises is neither bias nor prejudice. The other allegations, primarily against Judge Reagan, arise from plaintiff's dissatisfaction with

the manner in which Judge Reagan handled another case involving the plaintiff and this case. Notably, Judge Reagan is no longer the acting judge in this case, and therefore plaintiff's concerns and assertions are not a basis for reconsideration of the appointment of Judge Stiehl to hear this matter.

Although the standard is "not the reality of bias or prejudice but its appearance," *Id*. at 548, this Court must resist improper use of the recusal statute. As the Third Circuit stated: "[W]e remain ever mindful that attacks on a judge's impartiality may mask attempts to circumvent that judge's anticipated adverse decision." *In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), *quoting Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Neither is the statute intended to "bestow veto power over judges or to be used as a judge shopping device." 71 F.2d at 351. Certainly "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.*

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47(1975). The simple, administrative act of reassigning a case does not amount to bias or prejudice, and plaintiff cannot, by virtue of this motion engage in judge shopping. Therefore, the Court **FINDS** that plaintiff's motion for reconsideration is without merit and is **DENIED** (Doc. 26). The renewed motion contained in plaintiff's motion for decision on appointment of counsel is also **DENIED.** (Doc. 35) .

**IT IS SO ORDERED.**

**DATE: July 8, 2009**

/s/ David R Herndon
**CHIEF JUDGE**