# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES NEUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-514-WDS-DGW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEBBIE AGANS, MINDY DUNCAN, and | ) | |
| DONNA STULL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**STIEHL, District Judge:**

This matter comes before the Court on plaintiff's motion for reconsideration (Doc. 84) of the Order dismissing his cause of action and entering judgment (Docs. 82 and 83). Plaintiff has also filed a combined motion for mistrial and for new trial (Doc. 87).

In his motions, the plaintiff asserts that he does not understand and disagrees with the Court's ruling and asserts that the Court did not understand the key aspects of the case. The plaintiff asserts that the alleged slander and defamation of the plaintiff would not have occurred if he had simply been allowed to speak to a supervisor. He asserts that the Court does not refer to the defendants by name, which he believes is evidence of the Court's lack of understanding of the nature of the conspiracy he alleges. The plaintiff repeatedly asserts that he is not interested in money, but seeks to have the Court enter an injunction stopping this type of behavior.

Plaintiff repeats many allegations he previously made against Judge Michael Reagan, as well as the members of the clerk's office allegedly involved in the defamatory action, with respect to his claims of prejudice and unfair treatment from the Court. He even states that Judge Reagan made a statement "something about make [sic] sure the clerks knew that slandering and defamation would be tolerated at the Southern District Court." He also asserts that Magistrate Judge Wilkerson has

erroneously ruled on discovery matters and colluded with the Assistant United States Attorney assigned to the case. He points out that one of the discovery hearings was held in the bankruptcy court, thereby somehow making it invalid. He notes that the magistrate judge chose to meet separately with the AUSA and that this was somehow improper. He complains that the magistrate judge delayed the pretrial conference and Rule 26 hearing, as evidence that this was done to allow for dismissal of his case.

## STANDARD OF REVIEW

A motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). A motion for reconsideration, however, is not an opportunity for a party to correct procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. *See*, *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); see, also *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D.Ill. June 5, 1996). In this case, the plaintiff seeks both reconsideration, and to be relieved from the entry of judgment.

Relief from judgment is available in a limited fashion under the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 59, a party may seek reconsideration of the merits of an order of the Court. A litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law, or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp*., 51 F.3d 746, 749 (7th Cir.1995); Fed.R.Civ.P. 59(e). Relief under Rule 59(e) must be invoked within 28 days of the entry of the judgment. Here, the Court's judgement was entered on March 31, 2010, and plaintiff's motion for reconsideration was filed on April 27, 2010, within the 28 day period. His motion for new trial was filed on April 30, 2010. However, the plaintiff alleges much of the same matters in his

2

motion for reconsideration as in the motion for new trial, and given that he is proceeding pro se, the Court will construe the earlier motion to include a motion for new trial under Rule 59(b).

Although plaintiff's motions are lengthy and impassioned, they do not raise any new claims which would warrant reconsideration or establish any grounds for a new trial. This Court cannot and will not hear matters that occurred in the proceedings before Judge Reagan. *Neuman v. United States Government,* 07-362-MJR.

The Court **FINDS** that plaintiff is not entitled to the relief he seeks, and, therefore, **DENIES** plaintiff's motions for reconsideration (Doc. 84) and Motion for New Trial (Doc. 87) on all grounds raised.

**IT IS SO ORDERED.**

**DATE:   2 March, 2011**

  **/s/ WILLIAM D. STIEHL**
       **DISTRICT JUDGE**